## ALMIRA DURELL *vs.* JABEZ G. HAYWARD.

A husband, who has buried his wife in a public burial ground, is not liable as a trespasser for removing a grave stone, since placed at her grave by her mother, without injuring the stone, and for the purpose of substituting another.

ACTION OF TORT for taking and carrying away a grave stone from the grave of Harriet M. Hayward, daughter of the plaintiff and wife of the defendant.

At the trial in the court of common pleas, it appeared that said Harriet died on the 13th of June 1852, aged twenty five years and two months; that the defendant caused her to be buried at his own expense, and with the consent of the proper authorities, in the public burial ground in Charlestown; that just before June 1855 the plaintiff, without the defendant's knowledge or consent, procured and caused to be put up at the grave a grave stone with this inscription: " In memory of Harriet M. Hayward, daughter of David and Almira Durell, born April 11th 1828, died June 13th 1853; " that she obtained no license for so doing; but that parties interested usually put up such stones as they desired in memory of their deceased friends, without any license or interference of the public authorities; that the defendant, as soon as he discovered this stone, caused another to be made and erected at the grave, and the stone put there by the plaintiff to be carried away, without any notice to or consent of the plaintiff, (which was the tort complained of,)

and preserved it, and after this action was brought tendered it to the plaintiff, who refused to receive it.

Upon this evidence *Mellen*, C. J. ruled " that the plaintiff had a right to erect the stone in memory of her daughter as she did ; that the defendant, if there was anything upon the stone disagreeable to his feelings, could not remove the stone and carry it away without first giving notice to the plaintiff ; and that the subsequent tender of the stone to the plaintiff was of no avail in the matter of damages." The jury returned a verdict for the plaintiff for the full amount claimed, and the defendant excepted.

*M. G. Cobb*, for the defendant.

*J. Q. A. Griffin*, for the plaintiff.

BIGELOW, J. The plaintiff had no right to erect a stone at the grave of the defendant's wife without his knowledge or consent. The indisputable and paramount right, as well as duty, of a husband, to dispose of the body of his deceased wife by a decent sepulture in a suitable place, carries with it the right of placing over the spot of burial a proper monument or memorial in accordance with the well known and long established usage of the community. The defendant had therefore a right to remove the stone which the plaintiff had placed over the grave of his wife, in order to put in its stead the one procured by himself ; and having taken it down without injury, and holding it in his possession, ready to be delivered up to the plaintiff on her demand therefor, he has done no act for which an action of trespass will lie.                     *Exceptions sustained.*